IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02499-BNB
(**The above civil action number must appear on all future papers
  sent to the Court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

HAROLD T. MADDOX,

      Plaintiff,

v.

TERRY MAKETA, Sheriff, and
CORRECTIONAL HEALTH CARE COMPANIES,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

_____

      Plaintiff, Harold T. Maddox, is incarcerated at the El Paso County Criminal

Justice Center in Colorado Springs, Colorado.  Mr. Maddox initiated this action by filing

*pro se* a Complaint (ECF No. 1) for injunctive relief and money damages and an

Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has

determined that the documents are deficient as described in this order.  Plaintiff will be

directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff

files in response to this order must include the civil action number noted above in the

caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)    ___    is not submitted
(2)    ___    is missing affidavit

(3)  __X__  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___  is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  ___  is missing an original signature by the prisoner
(7)  __X__  is not on proper form (must use the Court's current Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form revised 10/01/12 with Authorization and Certificate of Prison Official)
(8)  ___  names in caption do not match names in caption of complaint, petition or habeas application
(9)  ___  An original and a copy have not been received by the Court. Only an original has been received.
(10)  __X__  other:  Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a certified copy of his six months' trust fund statement.

**Complaint, Petition or Application**:
(11)  ___  is not submitted
(12)  __X__  is not on proper form (must use the Court's current Prisoner Complaint form)
(13)  ___  is missing an original signature by the prisoner
(14)  ___  is missing page no. ___
(15)  ___  uses et al. instead of listing all parties in caption
(16)  ___  An original and a copy have not been received by the Court. Only an original has been received.
(17)  ___  Sufficient copies to serve each defendant/respondent have not been received by the Court.
(18)  ___  names in caption do not match names in text
(19)  ___  other:

The Court must construe the Complaint liberally because Mr. Maddox is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Maddox will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Maddox complains about the conditions of his confinement, and specifically his medical care.  He fails to assert the basis for this Court's jurisdiction, although he

appears to assert civil rights claims pursuant to 42 U.S.C. § 1983, or make factual allegations against Defendants in the body of the asserted claims.  As a result, the Prisoner Complaint is vague and conclusory.

The amended Prisoner Complaint Mr. Maddox will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Maddox "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir.

3

2007).  The general rule that *pro se* pleadings must be construed liberally has limits and

"the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting

under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526

U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose

of § 1983 is to deter state actors from using the badge of their authority to deprive

individuals of their federally guaranteed rights and to provide relief to victims if such

deterrence fails.").  Therefore, Mr. Maddox should name as defendants in the amended

Prisoner Complaint only those persons that he contends actually violated his federal

constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal

participation, Mr. Maddox must show that each defendant caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a

defendant, such as Sheriff Terry Maketa, may not be held liable for the unconstitutional

conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

when a plaintiff sues an official under *Bivens* [*v. Six*

> *Unknown Named Agents of Fed. Bureau of Narcotics*, 403
> U.S. 388 (1971)] or § 1983 for conduct "arising from his or
> her superintendent responsibilities," the plaintiff must
> plausibly plead and eventually prove not only that the
> official's subordinates violated the Constitution, but that the
> official by virtue of his own conduct and state of mind did so
> as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. Maddox may use fictitious names, such as "John or Jane Doe," if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr.

Maddox uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

Finally, Correctional Health Care Companies, like a county or a municipality,

cannot be held liable on the basis of the doctrine of *respondeat superior.  See Monell v.

Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Nelson v. Prison

Health Services, Inc.,* 991 F. Supp. 1452, 1465 (M.D. Fla. 1997); *Powell v. Shopco

Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982) (vicarious liability does not apply in § 1983

claims, even where the defendant is a private corporation, rather than a municipality or

other public agency).  Plaintiff must prove "either that the company was directly involved

in the alleged violation or that a policy or custom of the corporation led to the violation."

5

*Id.; see also Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) ("the *Monell* policy or custom requirement applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates."); *Thomas v. Zinkel,* 155 F. Supp.2d 408, 412 (E.D. Pa. 2001) (liability of private corporation may not rest on *respondeat superior,* but rather must be based on a policy, practice, or custom that caused the injury); *Taylor v. Plousis,* 101 F. Supp.2d 255, 263 (D. N.J. 2000) (private corporation performing a municipal function is subject to the holding in *Monell* ).

Plaintiff must allege the same elements relevant to municipal liability, that is "(1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." *Jenkins v. Wood,* 81 F.3d 988, 993 (10th Cir. 1996) (citing *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)).

Accordingly, it is

ORDERED that Plaintiff, Harold T. Maddox, cure the designated deficiencies and file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and filing an amended Prisoner

Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Complaint and action may be dismissed without further notice.

DATED September 11, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge